PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2006 Nissan Sentra struck a hole while she was traveling on Old Crow Road, which is also known as County Route 119/36, in Beaver, Raleigh County. County Route 119/36 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on July 6,2007, at approximately *65 6:00 p.m. while claimant was traveling on County Route 119/36, which is a one-lane paved road that is located
about one mile from Route 19. The claimant stated that she was traveling to her mother’s house and the weather conditions were clear. As the claimant was driving around a sharp curve at a speed of approximately five miles per hour, she saw another vehicle traveling towards her in the opposite direction that was occupying more than half of the paved portion of the roadway. In order to avoid the oncoming vehicle, the claimant veered to her right side of the road, and the vehicle struck a large hole. There were jagged edges around the hole, and the hole was approximately six inches deep and two feet wide. The claimant testified that her vehicle had struck the same hole on another occasion about one year prior to this incident. Claimant sustained towing expenses and damage to a tire totaling $219.12. Claimant’s insurance deductible is $500.00.
The position of the respondent is that it did not have notice of the hole in question on County Route 119/36. Dale Hughart, County Administrator for respondent in Raleigh County, stated that County Route 119/36 is a low priority road, and the respondent did not receive any complaints regarding the condition of this road prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the instant case, the evidence established that respondent had, at the least, constructive notice of the hole that claimant’s vehicle struck, and that the hole presented a hazard to the traveling public on County Route 119/36 in Raleigh County. The size of the hole leads the Court to conclude that respondent had notice of this hazardous condition, and respondent had an adequate amount of time to take corrective action. Thus, there is sufficient evidence of negligence upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the
Court is of the opinion to and does make an award to claimant in the amount of $219.12.
Award of $219.12